**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KEITH LEWIS, Individually, and on behalf of others similarly situated,** | § § § | |
| **Plaintiff** | § § | **NO.  CIV-08-881-M** |
| **vs.** | § § | |
| **THE GEO GROUP, INC., A Florida Corporation,** | § § § | |
| **Defendant.** | § § | |

<u>**DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE**</u>
<u>**PLAINTIFF'S RULE 23 STATE LAW CLASS ALLEGATIONS**</u>
<u>**AND SUPPORTING MEMORANDUM OF LAW**</u>

Rob F. Robertson, OBA No. 12455
Leslie Lynch, OBA No. 15124
GABLE GOTWALS
211 North Robinson, Suite 1500
Oklahoma City, OK 73102-7101
405.235.5500    405.235.2875 (Fax)

AND

Steven L. Rahhal, OBA 12445
Robert F. Friedman, TX SBN 24007207
*Pro Hac Vice*
Kevin M. Duddlesten, TX SBN 00793644
*Pro Hac Vice*
LITTLER MENDELSON
2001 Ross Avenue, Suite 1500
Dallas, TX  75201.2931
214.880.8100    214.880.0181 (Fax)

**ATTORNEYS FOR DEFENDANT**
**THE GEO GROUP, INC.**

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION ................................................................................... 2

II.   PROCEDURAL BACKGROUND ........................................................ 3

III.  LEGAL STANDARD ........................................................................... 4

IV.   LEGAL ARGUMENT .......................................................................... 6

    A.    Rule 23 Class Claims Such as Those Brought by Plaintiff
        Contravene Congress' Intent to Limit FLSA Collective Actions to
        Individuals Who Affirmatively Request to Participate ................................ 6

        1.    Incompatibility Between Rule 23 and FLSA Section 216(b) ........... 6

        2.    Numerous Courts Have Recognized the Irreconcilable
            Differences Between the FLSA and Rule 23 ................................... 8

        3.    The Incompatibility Between Rule 23 and the FLSA Was
            Intended by Congress ..................................................................... 10

    B.    Plaintiff's Rule 23 Class Claims Are Patently Incompatible with His
        FLSA claims ........................................................................................ 13

    C.    Plaintiff's Rule 23 Claims Should be Dismissed Because, as a Matter
        of Law, He Cannot Show That A Class Action Is Superior To Other
        Available Methods of Adjudication ........................................................ 16

    D.    Plaintiff Fails to Plead a Proper Cause of Action Appropriate for
        Treatment as a Rule 23 Class Action .................................................... 19

V.    CONCLUSION .................................................................................... 21

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Barabin v. ARAMARK Corp.*
210 F.R.D. 152, 162 (E.D. Pa. Oct. 8, 2002), *aff'd*, 2003 WL 355417
(unpublished opinion) (3d Cir. Jan. 24, 2003) ................................................. 6

*Bell Atlantic Corp. v. Twombly*
127 S.Ct. 1955 (2007) ................................................................................. 4, 5

*Brown v. Ameri-National Corp.*
2005 U.S. Dist. LEXIS 8922 (D. Kan. – Feb. 16, 2005) (unpublished
opinion) ............................................................................................................ 9

*Burkhart-Deal v. Citifinancial, Inc.*
2008 WL 2357735 (unpublished opinion) (W.D. Pa. June 5, 2008) .......... 12, 13

*Cameron-Grant v. Maxim Healthcare Servs.* 347 F.3d 1240, 1248 (11th
Cir. 2003) ....................................................................................................... 11

*De Asencio v. Tyson Foods, Inc.*
342 F.3d 301, 311 (3d Cir. 2003) ................................................................. 17

*De La Cruz v. Gill Corn Farms, Inc.*
2005 WL 5419056 (unpublished opinion) (N.D.N.Y. Jan. 25, 2005) .......... 17

*Edwards v. City of Long Beach*
467 F. Supp. 2d 986, 991-93 (C.D. Cal. 2006) .............................................. 17

*Ellis v. Edward D. Jones & Co., L.P.*
527 F. Supp. 2d 439, 443-52 (W.D. Pa. 2007) .................................... 8, 11, 14

*Evancho v. Sanofi-Aventis United States*
2007 WL 4546100, at *5 (unpublished opinion) (D.N.J. Dec. 18, 2007) .......... 12, 13

*Geer v. Challenge Financial Investors Corp.*
2006 WL 704933 (unpublished opinion) (D. Kan. – March 14, 2006) .......... 9

*Glewwe v. Eastman Kodak Co.*
2006 WL 1455476, at *4 (unpublished opinion) (W.D.N.Y. May 25,
2006) ................................................................................................................ 5

*Hasken v. City of Louisville*
213 F.R.D. 280, 282-84 (W.D. Ky. 2003) ..................................................... 18

*Herring v. Hewitt Assocs.*
2006 WL 2347875, at *2 (unpublished opinion) (D.N.J. Aug. 11, 2006) .......... 5, 9, 15

*Himmelman v. Continental Cas. Co.*
2006 WL 2347873 (unpublished opinion) (D.N.J. Aug. 11, 2006) ............... 15

*Hoffmann-La Roche, Inc. v. Sperling*
493 U.S. 165, 173 (1989) .............................................................................. 10

*Jackson v. City of San Antonio*
220 F.R.D. 55 (W.D. Tex. 2003) ................................................................... 9

# TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

*LaChapelle v. Owens-Illinois, Inc.*
 513 F.2d 286, 288 (5th Cir. 1975) .................................................................. 7

*Leuthold v. Destination Am.*
 224 F.R.D. 462 (N.D. Cal. Aug. 16, 2004) ...................................... 7, 17, 19

*McCann v. Chicago*
 1990 WL 70415 (unpublished opinion) (N.D. Ill. May 3, 1990) ................ 7

*McClain v. Leona's Pizzeria, Inc.*
 222 F.R.D. 574, 578 (N.D. Ill. 2004) ........................................................ 18

*Moeck*
 2006 WL 42368 (unpublished opinion) ............................................... 11, 12

*Muecke v. A-Reliable Auto Parts & Wreckers, Inc.*
 2002 WL 1359411, at *2 (unpublished opinion) (N.D. Ill. June 25,
 2002) ............................................................................................................ 18

*Neary v. Metropolitan Property & Cas.*
 472 F. Supp. 2d 247, 250 (D. Conn. 2007) ............................................. 5, 8

*Otto v. Pocono Health Sys.*
 457 F. Supp. 2d 522, 524 (M.D. Pa. 2006) ................................... 11, 14, 15

*Ramsey v. Beck & Co.*
 2001 WL 2234567 (unpublished opinion) (E.D. Pa. Aug. 1, 2007) ...... 9, 15

*Riddle v. Nat'l Sec. Agency, Inc.*
 2007 WL 2746597 (unpublished opinion) (N.D. Ill. Sept. 13, 2007) ... 17, 18

*Rodriguez v. Texan, Inc.*
 2001 WL 1829490 (unpublished opinion) (N.D. Ill. March 7, 2001) ........ 12

*Schweizer v. Trans Union Corp.*
 136 F.3d 233, 239 (2d Cir. 1998) ............................................................... 5

*Vogel v. American Kiosk Management*
 371 F.Supp. 2d 122, 127 (D. Conn. 2005).................................. 2, 7, 8, 13, 16

*Warner v. Orleans Home Builders, Inc.*
 550 F. Supp. 583 (E.D. Pa. May 7, 2008)................................................. 15

*Watkins v. Milliken & Co.*
 613 F. Supp. 408, 420-21 (W.D.N.C. 1984)............................................... 7

*Williams v. Trendwest Resorts*
 2007 WL 2429149, at *4 (unpublished opinion) (D. Nev. Aug. 20,
 2007) ................................................................................................ 8, 15, 16

*Woodard v. Fedex Freight East, Inc.*
 250 F.R.D. 178 (M.D. Pa. Feb. 19, 2008)................................................... 5

*Wyatt v. Pride Offshore*
 1996 WL 509654 (unpublished opinion) (E.D. La. 1996) .......................... 7

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

## STATUTES

29 U.S.C. § 216(b)........................................................ 6, 7, 8, 9, 10, 12, 13, 14, 15,16, 19

40 O.S.Supp. 2005 §§ 165.1, 165.3, and 165.9................................................ 3, 19, 20, 21

## OTHER AUTHORITIES

93 Cong. Rec. 538, 2182 (1947) ...................................................................................... 11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KEITH LEWIS, Individually, and on behalf of others similarly situated,** §<br>§<br>§ | |
| **Plaintiff** §<br>§ | **NO.  CIV-08-881-M** |
| **vs.** §<br>§ | |
| **THE GEO GROUP, INC., A Florida Corporation,** §<br>§<br>§ | |
| **Defendant.** §<br>§ | |

### DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE
### PLAINTIFF'S RULE 23 STATE LAW CLASS ALLEGATIONS
### AND SUPPORTING MEMORANDUM OF LAW

### MOTION TO DISMISS

Defendant, The GEO Group, Inc. ("GEO"), hereby files its Motion to Dismiss and/or Strike directed to Plaintiff's Complaint dated August 22, 2008.  Specifically, GEO moves to dismiss and/or strike Plaintiff's Rule 23 class allegations pled as part of his state claim for unpaid overtime (Count II of the Complaint).  Such allegations should be stricken because of the inherent and widely recognized incompatibility between Rule 23 and Section 216(b) of the Fair Labor Standards Act.  In addition, the Rule 23 class claims should be dismissed because Plaintiff cannot show that a class action is superior to other available methods of adjudication.  Finally, Plaintiff has failed to even plead a viable cause of action under Oklahoma law appropriate for Rule 23 treatment.  For all of the above reasons, Plaintiff may not proceed with his Rule 23 class allegations in this Court, and the defendant respectfully requests that the Motion to Dismiss be granted.

In support of its Motion, GEO submits the following memorandum of law.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### I.   INTRODUCTION

Keith Lewis sued GEO alleging that it violated both federal and Oklahoma wage and hour laws.   In Count I, Plaintiff brings a collective action under the Fair Labor Standards Act ("FLSA").   Seeking to avoid the consequences of the opt-in procedures of the FLSA, Plaintiff purports, in Count II of the Complaint, to sue on behalf of himself and others "similarly situated" by bringing a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").   For the reasons set forth below, he cannot do this.

*First*, even if all of Plaintiff's factual allegations were true — which the Court must assume for the purposes of this Motion to Dismiss only — because of the "irreconcilable conflict" between the FLSA's opt-*in* and Rule 23's opt-*out* procedures which numerous courts have previously recognized, Plaintiff's cause of action under Rule 23 (Count II) does not state a claim for relief. *See, e.g., Vogel v. American Kiosk Management*, 371 F.Supp. 2d 122, 127 (D. Conn. 2005).   This Court should thus dismiss the Rule 23 class claims (Count II) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Second,* because Plaintiff bases his Rule 23 Class Claims on precisely the same alleged facts upon which he bases his FLSA claims, a Rule 23 class action is not superior to other methods for adjudication available to, and indeed already being utilized by, Plaintiff.

*Third*, Plaintiff's purported state law claim is premised on a state statute governing payment of wages to *terminated* employees only[1] and, because Plaintiff is a *current* GEO employee, he is neither a valid individual Claimant under that statute nor an adequate class representative under Rule 23, even if the Court were to disregard the ill-conceived definition of the putative class.

For all of the above reasons, Plaintiff cannot proceed with his Rule 23 Class claim in this Court.

## II.   **PROCEDURAL BACKGROUND**

In his Complaint dated August 22, 2008 ("Complaint"), Plaintiff, who presently works for GEO as a shift supervisor at the Lawton Correctional Facility in Lawton, Oklahoma, filed suit against GEO alleging violations of the FLSA and the Oklahoma wage payment statutes, 40 O.S.Supp. 2005 §§ 165.1, 165.3, and 165.9 ("Oklahoma wage payment laws"). (Doc. No. 1, p. 11, ¶ 41). In his Complaint, Plaintiff purports to bring suit "as a collective action under the FLSA . . . and as a [Rule 23] class action under Oklahoma state law" to recover unpaid wages allegedly owed to Plaintiff and all others similarly situated. (Doc. No. 1, p. ¶ 1). Plaintiff alleges that the Rule 23 intended class consists of "all security guards and correctional staff who have worked at GEO Group's correctional facilities in Oklahoma at any time from January 1, 2004 to present." (Doc. No. 1, p. 6, ¶ 20).

Plaintiff bases his federal and state claims on principally the same allegations — namely, that GEO misclassified him and other "similarly situated" individuals as exempt

---

[1] *See* OKLA. STAT. tit. 40, § 165.3(A).

rather than nonexempt employees for purposes of overtime payments.  Plaintiff claims such classification was unlawful because the work that he and the other employees performed did not qualify for the executive, administrative, or professional exemptions to the state and federal overtime requirements.  (Doc. No. 1, pp. 9-10, ¶ 35).  He claims that GEO therefore owes the employees overtime compensation for time worked in excess of forty hours a week pursuant to the FLSA and Oklahoma wage payment laws.  As a remedy for these alleged violations, Plaintiff seeks compensatory and punitive (liquidated) damages.  (*See* Doc. No. 1, pp. 10, 11, ¶¶ 39 and 43).

Although GEO will ultimately demonstrate that Plaintiff and any similarly situated employees were properly classified by GEO as exempt employees under both state and federal law, GEO is not presently seeking dismissal of Count I of the Complaint.  GEO's Motion addresses only Count II of the Complaint.  And, for the reasons that follow, this Court should dismiss Plaintiff's state law claims without reaching the merits thereof because Plaintiff may not proceed with his Rule 23 Class Claims in this action.

## III.   LEGAL STANDARD

In *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), the United States Supreme Court recently addressed the standard for evaluating a complaint challenged under Rule 12(b)(6).  The Court held that to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level. . . ." *Id.* at 1965.  A viable complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Therefore, while the Court must take as true the allegations in Plaintiff's complaint and construe them in a manner favorable to sustaining Plaintiff's causes of action for purposes of a Rule 12 motion, *Twombly* confirms that to survive a motion to dismiss, Plaintiff must, at a minimum, plead facts sufficient to establish that his right to relief is plausible and based on more than mere speculation. *Twombly*, 127 S.Ct. at 1965-74.

Under Rule 23(c), "*[a]t an early practicable time*" the Court "must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c) (emphasis added); *see also Schweizer v. Trans Union Corp.,* 136 F.3d 233, 239 (2d Cir. 1998) (Rule 23 does not preclude court from considering motion to dismiss or motion for summary judgment prior to resolving whether class should be certified); *Glewwe v. Eastman Kodak Co.,* 2006 WL 1455476, at *4 (unpublished opinion) (W.D.N.Y. May 25, 2006) (observing that Rule 23(c)(1) encourages class rulings be made at an early juncture, court dismissed Rule 23 claims before plaintiffs moved for class certification); *Neary v. Metropolitan Property & Cas.,* 472 F. Supp. 2d 247, 250 (D. Conn. 2007) (Arterton, J.) (declining to exercise supplemental jurisdiction over Rule 23 class claims in context of Rule 12(b)(6) motion to dismiss); *Woodard v. Fedex Freight East, Inc.,* 250 F.R.D. 178 (M.D. Pa. Feb. 19, 2008) (striking Rule 23 claims brought with claims under the FLSA); *Herring v. Hewitt Assocs.,* 2006 WL 2347875, at *2 (unpublished opinion) (D.N.J. Aug. 11, 2006) (ruling that it is proper to strike class action allegations prior to discovery when "the complaint itself demonstrates that the requirements for maintaining a class action cannot be met," court struck Rule 23 claims because Rule 23 opt-out and FLSA opt-in

5

actions are "inherently incompatible") (internal quotation marks omitted); *Barabin v.*
*ARAMARK Corp.,* 210 F.R.D. 152, 162 (E.D. Pa. Oct. 8, 2002), *aff'd,* 2003 WL 355417
(unpublished opinion) (3d Cir. Jan. 24, 2003) (striking class claim where plaintiff failed
to plead allegations sufficient to satisfy predominance and superiority prerequisites of
Rule 23).

Because Plaintiff's Rule 23 Class Claims (Count II of the Complaint) fail to state a
claim for relief, and because this Court should not exercise supplemental jurisdiction over
the Rule 23 Class Claims, the Rule 23 claims should be dismissed on the present motion.

## IV.   LEGAL ARGUMENT

### A.   Rule 23 Class Claims Such as Those Brought by Plaintiff Contravene Congress' Intent to Limit FLSA Collective Actions to Individuals Who Affirmatively Request to Participate.

#### 1.   Incompatibility Between Rule 23 and FLSA Section 216(b).

Under the FLSA, an individual only becomes a party to a collective action if he or
she affirmatively asks to be made a party; therefore, an individual's rights are not
adjudicated unless and until she agrees and advises the court that she wants them to be
adjudicated. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any
[FLSA] action *unless* he gives consent in writing to become a party and such consent is
filed in the court in which such action is brought") (emphasis added).

Rule 23 operates in a directly contrary manner. Under Rule 23(b)(3), unless a
putative plaintiff affirmatively takes action to *exclude* herself from a proposed suit, she
becomes a plaintiff and a *party* to the certified class action. As a result, under Rule 23,
any judgment on the underlying issues binds a putative plaintiff who does not take the

actions necessary to advise the court that she does not wish his rights to be adjudicated in the proposed action. *See Vogel*, 371 F.Supp. 2d at 127. As this Court elaborated in *Vogel*:

> In a Rule 23 proceeding a class action is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has opted out of the suit. Under § [216(b)] of [the] FLSA, on the other hand, no person will be bound by or may benefit from judgment unless he has affirmatively opted into the class; that is, given his written, filed consent.

*Vogel*, 371 F.Supp. 2d at 127 (internal quotation marks omitted) (*quoting LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975)).[2] Consequently, a plaintiff in an FLSA action "has no procedural right to represent other plaintiffs" that have not joined the action. *Id.*

As the court summed up in *Leuthold v. Destination Am.*, 224 F.R.D. 462 (N.D. Cal. Aug. 16, 2004), an "FLSA suit provides a means of participation for individuals who truly wish to join the suit, while requiring no action from those who do not wish to join.

---

[2]     *LaChapelle* involved a plaintiff's attempt to bring a Rule 23 class action for violation of the Age Discrimination in Employment Act ("ADEA"). Because the ADEA incorporates Section 216(b)'s procedures, the *LaChapelle* court held that "Rule 23 [could] not be invoked to circumvent the consent requirement of the third sentence of FLSA § 16(b) which has unambiguously been incorporated into ADEA" because the "two types of class actions are mutually exclusive and irreconcilable." *LaChapelle*, 513 F.2d at 289 (footnote omitted). Several courts have followed *LaChapelle* and struck or dismissed ADEA claims that plaintiffs have attempted to bring under Rule 23. *See, e.g., Watkins v. Milliken & Co.*, 613 F. Supp. 408, 420-21 (W.D.N.C. 1984). Courts also apply *LaChapelle's* logic in decisions involving attempts to combine FLSA and Rule 23 claims, ruling that such actions may not be combined. *See, e.g., Wyatt v. Pride Offshore*, 1996 WL 509654 (unpublished opinion) (E.D. La. 1996); *McCann v. Chicago*, 1990 WL 70415 (unpublished opinion) (N.D. Ill. May 3, 1990).

7

By contrast, a Rule 23 class requires that a potential class member take affirmative action not to be bound by the judgment." *Id*. at 469-70. The two actions, *at their very core*, are therefore incompatible and when, as here, Plaintiff seeks to pursue the same alleged factual claims under both Rule 23 and FLSA Section 216(b), the two cannot coexist.

### 2. Numerous Courts Have Recognized the Irreconcilable Differences Between the FLSA and Rule 23.

Numerous courts have recognized that "[t]here is a fundamental, irreconcilable difference" between an "opt-out" class action brought pursuant to Rule 23 and an "opt-in" collective action brought under the FLSA.    See *Vogel v. American Kiosk Management*, 371 F.Supp. 2d 122, 127 (D. Conn. 2005) (*citing* cases); *Neary v. Metropolitan Property & Cas.*, 472 F. Supp. 2d 247, 250 (D. Conn. 2007) (same) (internal quotation marks omitted; *quoting Vogel*); *see also Ellis v. Edward D. Jones & Co., L.P.*, 527 F. Supp. 2d 439, 443-52 (W.D. Pa. 2007) (extensive discussion with citations).   In fact, the prevailing view in a number of Circuits is that "actions such as those pursuant to section 216(b) of the FLSA are not subject to Rule 23 requirements and principles." *Vogel*, 371 F. Supp. 2d at 127.

The fundamental incompatibility between the procedures set forth in Rule 23 and FLSA § 216(b) is the basis upon which courts have repeatedly refused to allow Rule 23 claims to proceed with FLSA § 216(b) claims.   *See Ellis*, 527 F.Supp. 2d at 460-61 (dismissing Rule 23 parallel state law claims brought together with FLSA § 216(b) collective action); *Williams v. Trendwest Resorts*, 2007 WL 2429149, at *4 (unpublished opinion) (D. Nev. Aug. 20, 2007) (granting defendant's motion for judgment on the

8

pleadings and dismissing Rule 23 class claims); *Ramsey v. Beck & Co.*, 2001 WL 2234567 (unpublished opinion) (E.D. Pa. Aug. 1, 2007) (granting defendant's Rule 12(b)(6) motion to dismiss Rule 23 claims); *Herring v. Hewitt Assoc., Inc.*, 2006 WL 2347875, at *2 (unpublished opinion) (D. N.J. Aug. 11, 2006) (striking Rule 23 class allegations).

Although there is no controlling decision by the Tenth Circuit Court of Appeals on this precise issue, several courts within the Tenth Circuit have recognized that the irreconcilable conflict between the FLSA § 216(b) option provision and the Rule 23 opt-out provision makes the two claims inappropriate for joinder in the same action. For example, in *Brown v. Ameri-National Corp.*,[3] the court noted the procedural difficulties in having to simultaneously administer an opt-in collective action and an opt-out class action:

> "At best, the propriety of the Court's jurisdiction over the pendent plaintiffs who did not opt-out of the state claim but failed to opt-in to the FLSA claim is murky, given the disparate treatment of the issue throughout the federal courts. In addition, the simultaneous management of two "irreconcilable" procedures for class formation is *unwieldy, would detract from the efficient resolution of the substantive dispute* and, most importantly, is frowned upon by the Fifth Circuit."

*Id.*, quoting *Jackson v. City of San Antonio*, 220 F.R.D. 55 (W.D. Tex. 2003) (emphasis added).[4]  *See also Geer v. Challenge Financial Investors Corp.*, 2006 WL 704933 (unpublished opinion) (D. Kan. – March 14, 2006) (noting the "fundamental,

---

[3] 2005 U.S. Dist. LEXIS 8922 (D. Kan. – Feb. 16, 2005) (unpublished opinion, copy attached hereto as Exhibit 1)

[4] Although the *Brown* Court ultimately declined to exercise supplemental jurisdiction over the state law claim asserted under Rule 23, the result is the same:  an FLSA collective action and Rule 23 class action are inappropriate for joinder.

irreconcilable difference" between Rule 23 class action and FLSA § 216(b) collective action).

Importantly, the relief sought in the instant Motion (dismissal of Count II) would not preclude Plaintiff from filing a separate Rule 23 class action on his state law claims. However, the legislative history of § 216(b) and the inherent conflict in simultaneous opt-out and opt-in claims compels a finding that such claims, at the very least, ought to be adjudicated in separate actions. Whether by declining supplemental jurisdiction over the Rule 23 state law claims or amply dismissing them under Rule 12 (as numerous courts have elected to do), this Court should bar the simultaneous prosecution of those claims in this matter.

### 3. The Incompatibility Between Rule 23 and the FLSA Was Intended by Congress.

That the FLSA works directly counter to Rule 23 is no accident but rather was a deliberate act by Congress. Prior to 1947, the FLSA operated similarly to Rule 23 in that it did not require individuals expressly to "opt in" in order to become parties to a collective action. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989) (internal quotation marks omitted).

Because of a concern with the impact on employers of allowing "opt-*out*" FLSA class actions, in 1947 Congress amended the FLSA through the Portal-to-Portal Act. "[I]n enacting the Portal-to-Portal Act of 1947, Congress made certain changes" to the FLSA, with the end result being what today is referred to as the "opt in" requirement. *Id.* at 173. As a result, Congress's amendment adding the "opt-in" language to the FLSA

10

"prohibit what precisely is advanced under Rule 23 — a representative plaintiff filing an action that potentially may generate liability in favor of uninvolved class members." *Cameron-Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240, 1248 (11th Cir. 2003) (citations and internal quotation marks omitted).

In discussing the Portal-to-Portal Act amendments to the FLSA, the Supreme Court explained,

> In part responding to excessive litigation spawned by plaintiffs lacking a personal interest in the outcome, the representative action by plaintiffs not themselves possessing claims was abolished, and the requirement that an employee file a written consent was added. See 93 Cong. Rec. 538, 2182 (1947) (remarks of Sen. Donnell). *The relevant amendment was for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers of the burden of representative actions.*

*Id.* (emphasis added). Thus, "[t]he FLSA recognizes two principal substantive rights: the right of employers not to be sued in representative actions, and the right of employees not to have their rights litigated without their knowledge and express consent. *As the legislative history makes clear, the FLSA's opt-in requirement is the device by which those rights are secured.*" *Ellis v. Edward D. Jones & Co., L.P.*, 527 F. Supp. 439, 456 (W.D. Pa. Dec. 18, 2007) (footnote omitted; emphasis added); *see also Moeck*, 2006 WL 42368, at *5 (unpublished opinion) (D.N.J. Jan. 6, 2006) ("Congress created the opt-in procedure under the FLSA for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions."); *Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522, 524 (M.D. Pa. 2006) ("It is clear that Congress labored to create an opt-in scheme when it created

Section 216(b) specifically to alleviate the fear that absent individuals would have their rights litigated without their input or knowledge"); *accord Evancho v. Sanofi-Aventis United States*, 2007 WL 4546100, at *5 (unpublished opinion) (D.N.J. Dec. 18, 2007) (dismissing state-law class claims because "[p]laintiffs [ ] are not permitted to 'circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA,' as this would 'undermine Congress's intent to limit these types of claims to collective actions.'").

In essence, and as the Northern District of Illinois stated in an often cited *sua sponte* memorandum issued in *Rodriguez v. Texan, Inc.*, 2001 WL 1829490 (unpublished opinion) (N.D. Ill. March 7, 2001):

> [The] *powerful policy considerations* that led Congress to change the original version of the [FLSA] . . . so as to require the opt-in procedure via individualized written consents by employees wishing to join such actions . . . [and the] underlying congressional intent [of FLSA's opt-in requirement] would be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement.

*Id.* at *2 (internal citation omitted); *see also Moeck*, 2006 WL 42368 (unpublished opinion) (allowing a plaintiff "to circumvent the opt-in requirement [of § 216(b)] and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to collective actions.").

A decision based on nearly identical facts and rejecting the possibility of a simultaneous Rule 23 class action and FLSA collective action was recently issued by a district court in Pennsylvania. *See Burkhart-Deal v. Citifinancial, Inc.*, 2008 WL

2357735 (unpublished opinion) (W.D. Pa. June 5, 2008). In *Burkhart-Deal*, the court stated that simultaneous Rule 23 and FLSA actions would be particularly inappropriate where the two actions have identical factual foundations, noting that, "[b]ecause of the identity of claims, to permit a mirror-image Rule 23 class to proceed alongside an FLSA collective action would not only nullify Congress' mandate, but also disregard the crucial nature of its choice." *Id.* at *2. Likewise, in this case, where the two actions are based on identical facts, simultaneous Rule 23 and FLSA actions would clearly subvert Congress' unequivocal intention in mandating that FLSA collective actions be populated on an opt-in basis.

**B.    Plaintiff's Rule 23 Class Claims Are Patently Incompatible with His FLSA claims.**

As indicated above, numerous District Courts that have addressed this issue have relied on the "irreconcilable difference" between the FLSA and Rule 23 that was decisive in *Vogel* to  conclude that a plaintiff may not bring both FLSA and Rule 23 wage and hour claims in an action in federal court.  In recent and persuasive decisions from the Third Circuit, two District Courts have aptly explained the incompatibility of Rule 23 state law class claims and Section 216(b) collective action claims and ruled that the Rule 23 claims could not proceed.  In *Evancho v. Sanofi-Aventis United States*, 2007 WL 4546100 (unpublished opinion), plaintiffs filed suit on behalf of themselves and "others similarly situated," alleging that defendants had violated the FLSA and Pennsylvania and California wage laws, and, like Plaintiff in the present case, they sought to bring their claims under both FLSA § 216(b) and Rule 23.  *Id.* at *1.  Granting the defendants'

13

motion to strike plaintiff's Rule 23 claims, the District Court of New Jersey ruled that plaintiffs could not proceed with claims for overtime compensation through both an FLSA collective "opt-in" action and a Rule 23 "opt-out" class action. *Id.* at *5. The Court ruled that "[p]laintiffs . . . are not permitted to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA, as this would undermine Congress's intent to limit these types of claims to collective actions." *Id.* at *16 (internal quotation marks omitted).

In *Ellis v. Edward D. Jones & Co., L.P.*, 527 F. Supp. 2d 439 (W.D. Pa. 2007), the District Court for the Western District of Pennsylvania dismissed plaintiff's Rule 23 state law wage claims in connection with its consideration of a proposed class settlement. In so doing, the court explained its rationale as follows:

> In light of the policies that underlie the FLSA; Congress's clear intent to further those policies through enactment of the Portal-to-Portal Act's amendments to section 16(b) of the FLSA, 29 U.S.C. § 216(b); *and the total negation of those policies that would occur if the Court were to allow Plaintiffs to pursue state law overtime remedies under Fed. R. Civ. P. 23 and FLSA opt-in remedies in the same action*, the Court finds that Plaintiffs' parallel state claims must be dismissed.

*Ellis*, at 452 (emphasis added).

Similarly, in *Otto v. Pocono Health Sys.*, persuaded by other courts that had viewed FLSA and Rule 23 claims as 'inherently incompatible,' the District Court for the Middle District of Pennsylvania dismissed the plaintiff's state law wage claim. The Court held that allowing a Section 216(b) opt-in collective action to proceed together with a Rule 23 opt-out state law class action "would essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in

14

requirement." *Otto*, 457 F. Supp. 2d at 524.  Most recently, in *Warner v. Orleans Home Builders, Inc.*, 550 F. Supp. 583 (E.D. Pa. May 7, 2008), the District Court for the Eastern District of Pennsylvania dismissed state law wage and hour claims brought together with an FLSA action because it "agree[ed] with the courts in *Ramsey*, *Otto*, and *Herring* that FLSA collective actions for overtime pay are 'inherently incompatible' with Rule 23 state-law class actions for overtime pay and that allowing the two types of actions to proceed in federal court in a single suit would undermine Congress's intent in implementing an opt-in requirement for FLSA collective actions." *Id.* at 588; *see also Herring v. Hewitt Assoc., Inc.*, 2006 WL 2347875 (unpublished opinion) (D. N.J. Aug. 11, 2006) (striking Rule 23 state law class claims as "inherently incompatible" with FLSA Section 216(b) claim); *Himmelman v. Continental Cas. Co.*, 2006 WL 2347873 (unpublished opinion) (D.N.J. Aug. 11, 2006) (same).

Although District Courts across the country are not unanimous in ruling that a plaintiff may not bring a  Rule 23 claim together with a FLSA § 216(b) action, at least one recent ruling has indicated that the majority of courts that have considered the issue have ruled that in such "hybrid" situations, the Rule 23 claim must fail. *See Williams v. Trendwest Resorts*, 2007 WL 2429149 (unpublished opinion) (D. Nev. Aug. 20, 2007). *Williams* recognized that a "*handful* of courts" have concluded that an FLSA and Rule 23 claim may be brought together, while *many* courts have "conclude[d] that it contravenes the purposes of the FLSA to allow simultaneous FLSA and Rule 23 collective actions." *Id.* at *4 (emphasis added; *citing* cases).  In *Williams*, the District Court for the District of Nevada decided to "follow[ ] the latter line of cases and [found] that the class action

15

mechanisms of the FLSA and Rule 23 are incompatible." *Id.* The *Williams* Court dismissed plaintiffs' Rule 23 claims, which alleged violations of the California Business and Professions Code. *Id.*

Like the many cases that have addressed Rule 23 state wage claims brought within actions under the FLSA, this Court should dismiss Plaintiff's claims under Rule 23 (Count II of the Complaint), because such claims are inherently incompatible with his claims under the FLSA, and to allow the Rule 23 claims to proceed would "essentially nullify Congress's intent in crafting Section 216(b)" of the FLSA and eviscerate the purpose of the FLSA's opt-in requirement.

### C.     Plaintiff's Rule 23 Claims Should be Dismissed Because, as a Matter of Law, He Cannot Show That A Class Action Is Superior To Other Available Methods of Adjudication.

The Court should also dismiss the state class claims brought under Rule 23(b)(3), because Plaintiff cannot show that a class action is a "superior" method of adjudicating his state law claims. A class is maintainable under Rule 23(b)(3) where both (i) "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and (ii) where "a class action is superior to other available methods for fair and efficient adjudication of the controversy." Fed. R. Civ. Proc. 23(b)(3).

The "fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b) prevent Plaintiff from establishing that a rule 23 class action is superior to all available alternatives. *See Vogel v. Am. Kiosk Mgmt.*, 371 F. Supp. 2d 122, 127 (D. Conn. 2005). In fact, as set forth, *supra.*, there are

16

myriad reasons why this course of action is *inferior*, including its basic disregard of Congress's expressed intent in creating the FLSA opt-in procedure, the likely confusion that will be borne of the competing opt-in/opt-out procedures, and the potential for "the federal tail . . .[to] wag what is in substance a state dog." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3d Cir. 2003).

As one District Court aptly observed, the ability of FLSA plaintiffs to pursue their pendent state law claims as part of the FLSA class action "undercuts all of the Rule 23(b)(3) superiority factors." *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 469 (N.D. Cal. 2004). Citing this reasoning, several courts have found that a Rule 23 class action is a not a superior method of adjudicating state law claims when there is a concurrent FLSA class action. *See, e.g., De La Cruz v. Gill Corn Farms, Inc.*, 2005 WL 5419056 (unpublished opinion) (N.D.N.Y. Jan. 25, 2005) ("At this juncture, a class action simply is not a superior method for a fair and efficient adjudication of the controversy" given, *inter alia*, the congressional preference for the opt-in method of litigation, the danger of confusing potential plaintiffs by asking them to simultaneously opt-in and opt-out, and the potential for the state class to vastly outnumber the federal class); *Leuthold*, 224 F.R.D. at 470 ("[C]ertifying a Rule 23 class would exacerbate or create numerous problems. . . . Maintaining the suit exclusively as a FLSA conditional class action is superior to certifying an additional state law class under Rule 23(b)(3)."); *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 991-93 (C.D. Cal. 2006) (agreeing with *Leuthold* and concluding that Rule 23 class action was not a superior means of adjudicating the plaintiff's state law claims); *Riddle v. Nat'l Sec. Agency, Inc.*, 2007 WL

17

2746597 (unpublished opinion) (N.D. Ill. Sept. 13, 2007) (finding federal class action was not a superior method of adjudicating state law claims, because "combining an opt-out state law class and an opt-in FLSA class in one suit subverts congressional intent," "the Rule 23 class would likely dwarf the FLSA class," and "potential class members would likely be confused by a notice that tells them simultaneously about opting-in and opting-out of claims."); *McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 578 (N.D. Ill. 2004) ("We find that certifying a class for [the plaintiff's] state law claims is not the superior manner in which to proceed under Rule 23 (b).  Holding otherwise would undermine Congress's directive that FLSA collective actions are limited to those parties who opt in to the action."); *Hasken v. City of Louisville*, 213 F.R.D. 280, 282-84 (W.D. Ky. 2003) (finding federal class action is not a superior method of adjudicating state claims where, *inter alia*, the state class members would have substantially outnumbered the FLSA class members); *Muecke v. A-Reliable Auto Parts & Wreckers, Inc.*, 2002 WL 1359411, at *2 (unpublished opinion) (N.D. Ill. June 25, 2002) (finding the federal class action was not a superior method of adjudicating state claims based on the possibility of having "the rather incongruous situation of a[] FLSA 'class' including only a tiny number of employees who are interested in seeking back wages, with a state-law class that nonetheless includes all or nearly all of the companies' present or former employees").

Because of the conceptual and practical difficulties inherent in maintaining a state law class action alongside a FLSA class action, a Rule 23 class action is not a superior means of adjudicating Plaintiff's state law claims in this case.  These circumstances

"undercut[ ] all of the Rule 23 (b)(3) superiority factors." *Leuthold v. Destination Am., Inc.*, 224 F.R.D. at 469.

**D.  Plaintiff Fails to Plead a Proper Cause of Action Appropriate for Treatment as a Rule 23 Class Action.**

Entirely independent of the foregoing incompatibility between Rule 23 opt-out claims and FLSA §16(b) opt-in collective actions, Plaintiff has failed to plead, in Count II of the Complaint, a viable cause of action under Oklahoma law for which a Rule 23 class action can even be certified.   In particular, Plaintiff has alleged in Count II that GEO violated Oklahoma law by failing to maintain accurate records of hours worked resulting in underpayment of wages due and failure to compensate Plaintiff for overtime "in violation of 40 O.S. Supp. 2005, § 165.1, 165.3, and 165.9." (*See* Doc. No. 1, p. 1, ¶ 41). Simply put, the provisions of Oklahoma law cited by Plaintiff do not authorize a cause of action which Plaintiff is eligible to pursue, as the only substantive violation identified in those sections is the failure to pay wages *to a terminated employee* in an appropriate time and manner as dictated by Oklahoma law. *See* OKLA. STAT. tit. 40, § 165.3.

There is no dispute that Plaintiff was at times material to the allegations in the Complaint *a current employee of GEO* and to this day remains an active employee of GEO. (*See* Doc. No. 1, p. 1, ¶ 2) ("Plaintiff *works* as a security officer in the GEO Group Lawton Correctional Facility in Lawton, Oklahoma . . ..") (emphasis added).  However, 40 O.S. Supp. 2005 § 165.3 -- the very section on which Plaintiff's Count II is based -- governs an employer's obligation to pay wages to *terminated employees*:

"Whenever an employee's employment terminates, the employer shall pay the employee's wages in full, less offsets and less any amounts over which a

bona fide disagreement exists, as defined in Section 165.1 of this title, at the next regular designated payday established for the pay period in which the work was performed either through the regular pay channels or by certified mail postmarked within the deadlines herein specified if requested by the employee, unless provided otherwise by a collective bargaining agreement that covers the employee."

*Id.* at subpart (A). By its express wording, the provision upon which Plaintiff premises Count II pertains to *terminated* employees, not current employees. Thus, Plaintiff fails to state a viable cause of action for which he is entitled to relief and Count II should be summarily dismissed on that basis alone. The remaining two statutory sections identified by Plaintiff in Count II – §§ 165.1 and 165.9 – are provisions that contain definitions of certain terms and authorize a private cause of action for violation of the substantive provisions of the Act, respectively. They do not, in and of themselves, identify violations for which cases of action may lie.

Moreover, to the extent that Plaintiff suggests that his claim under § 165.3 (governing the payment of wages to terminated employees) is appropriate for treatment as a Rule 23 class action, Plaintiff is unable to pursue such a claim on behalf of himself and others precisely because, as a current employee, *he is not even a member of the eligible class.* Importantly, Plaintiff does not even plead the appropriate ascertainable class in this case; Plaintiff purports to bring the Rule 23 class action as the "class representative" on behalf of the following putative class:

"All security guards and correctional staff who have worked at GEO Group's correctional facilities in Oklahoma at any time from January 1, 2004 to present."

(*See* Doc. No. 1, p. 6, ¶ 20).   Although the proposed class may, incidentally, include terminated employees, it is overbroad in light of § 165.3 because it potentially includes individuals who do not have rights or remedies available under § 165.3--namely, current employees.   Accordingly, Plaintiff has failed to allege a viable claim under Oklahoma state law in Count II of his Complaint under which he, individually, is entitled to any remedy and has further failed to properly plead a claim that could be brought by the proposed class as defined by Plaintiff in his defective Complaint.   The Court should therefore strike Count II on that basis alone.

## V.      **CONCLUSION**

For all of the reasons stated above, the Court should dismiss all of Plaintiff's state law class action claims under Rule 23 (Count II of the Complaint).

Respectfully submitted,


s/ Kevin M. Duddlesten
Rob F. Robertson, OBA No. 12455
Leslie Lynch, OBA No. 15124
GABLE GOTWALS
One Leadership Square, Suite 1500
211 North Robinson
Oklahoma City, OK 73102-7101
405.235.5500
405.235.2875 (Fax)
rrobertson@gablelaw.com
llynch@gablelaw.com

AND

Steven L. Rahhal, OBA 12445
Robert F. Friedman
*Admitted Pro Hac Vice*
Texas SBN 24007207
Kevin M. Duddlesten
*Admitted Pro Hac Vice*
Texas SBN 00793644

LITTLER MENDELSON
A Professional Corporation
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100
214.880.0181 (Fax)
srahhal@littler.com
rfriedman@littler.com
kduddlesten@littler.com

**ATTORNEYS FOR DEFENDANT
THE GEO GROUP, INC.**

22

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2008, I electronically transmitted the attached document to the clerk of this Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

William B. Federman, OBA No. 2853
Jennifer F. Sherrill, OBA No. 19703
FEDERMAN & SHERWOOD
10205 N. Pennsylvania
Oklahoma City, OK 73120
405.235.1560
405.239.2112
wbf@federmanlaw.com
jfs@federmanlaw.com

Daniel M. Delluomo, OBA No. 11810
DELLUOMO & CROW
2601 N.W. Expressway, Suite 100W
Oklahoma City, OK 73112
405.843.0400
405.843.5005
dmdelluomo@aol.com

s/ Kevin M. Duddlesten
Kevin M. Duddlesten

Firmwide:86682750.1 059218.1016

23