IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEITH LEWIS, Individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE GEO GROUP, INC., A Florida Corporation,<br><br>Defendant. | § § § § § § § § § § § § § § | CASE NO. CIV-08-881-M |

## MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, CLARIFICATION OF ORDER DENYING AS MOOT THE GEO GROUPS' MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S RULE 23 STATE LAW CLASS ALLEGATIONS

The GEO Group, Inc. ("GEO") moves this Court for reconsideration, or in the alternative, clarification of its Order of February 20, 2009 denying GEO's Motion to Dismiss and/or Strike Plaintiff's Rule 23 State Law Class Allegations (the "Motion to Dismiss") as moot. In support of this motion, GEO states as follows:

1. On August 22, 2008, Plaintiff filed his original Complaint, asserting claims against GEO for alleged violations of the Fair Labor Standards Act (FLSA") and Oklahoma wage payment statutes. In his Complaint, Plaintiff purported to bring suit "as a collective action under the FLSA . . . and as a [Rule 23] class action under Oklahoma state law" to recover unpaid wages allegedly owed to Plaintiff and all others similarly situated. (Doc. No. 1, p. ¶ 1). Plaintiff alleges that the Rule 23 intended class consists of

- 1 -
{S166046;}

"all security guards and correctional staff who have worked at GEO Group's correctional facilities in Oklahoma at any time from January 1, 2004 to present." (Doc. No. 1, p. 6, ¶ 20).

2. On September 25, 2008, GEO filed its Motion to Dismiss, seeking *only* dismissal of Plaintiff's Rule 23 state law class allegations.[1] (Doc No. 20). The Motion to Dismiss urged the Court to dismiss or strike the state law claims (alleging violation of Oklahoma's wage payment statute) ostensible asserted as a Rule 23 class action claim, based primarily on the inherent incompatibility between traditional Rule 23 "opt-out" class actions and FLSA "opt-in" collective actions. In addition to the primary argument which was based on the incompatibility of an opt-in (FLSA) class and an opt-out (state-law) class, the Motion to Dismiss *also* sought a dismissal of the Rule 23 class action allegations based on the failure to assert a viable cause of action under Oklahoma law. To be perfectly clear: the Rule 12(b)(6) argument which addressed the viability of the claim under Oklahoma law was neither the sole nor primary basis for the Motion to Dismiss.

3. On November 5, 2008, Plaintiff filed his Response to the Defendant's Motion to Dismiss ("Response to Motion to Dismiss") (Doc. No. 26). Simultaneously, Plaintiff filed his Motion for Leave to Amend the Complaint ("Motion to Amend"), seeking to add additional statutory references to Count II of the Complaint (i.e., the Rule 23 state law claim), as well as to enlarge Plaintiff's proposed FLSA collective action to

---

[1] GEO filed an answer addressing the FLSA (Count I) portion of Plaintiff's Complaint. (Doc. No. 18.)

include a nationwide class of current and former GEO employees (rather than current and former employees of GEO's Lawton, Oklahoma facility only). (Doc. No. 27).

4. Among other arguments, Plaintiff contended in his Response to Motion to Dismiss that although Plaintiff had—in his original Complaint—pled a viable cause of action under Oklahoma state law with respect to former employees (of which Plaintiff is not one), his First Amended Complaint, if accepted for filing, would add yet another provision from the Oklahoma wage payment statutes, thereby purportedly saving that state law claim from dismissal.[2] In addition to the Rule 12(b)(6) argument pertaining to the state law class claim, Plaintiff also addressed—albeit insufficiently—the primary basis for GEO's Motion to Dismiss, namely that Plaintiff had pled two inherently incompatible causes of action.

5. On November 10, 2008, the Court granted Plaintiff's Motion to Amend and Plaintiff's First Amended Complaint was deemed filed that day. (Doc. No. 28).

6. On November 14, 2008, GEO filed its Reply to Plaintiff's Response to GEO's Motion to Dismiss (the "Reply"). (Doc. No. 31). The Reply addressed the various arguments raised in Plaintiff's Reponses to the Motion to Dismiss regarding the inherent incompatibility issue. The Reply *also* asserted that, despite the additional statutory

---

[2] Incidentally, the portion of GEO's Motion to Dismiss addressing the failure to state a claim under state law was premised on the notion that the statutory provisions cited in Plaintiff's original Complaint did not create any substantive right of recovery for current or former employees. In other words, the Rule 12(b)(6) issue raised in the Motion to Dismiss was not distinguishing between current and former employees; rather, the Rule 23 claim itself—both originally and as amended—stated no viable cause of action under the state law authority referenced in both the original and the First Amended Complaint. Importantly, **that defect remains today**, despite Plaintiff's conclusory allegation to the contrary and the court's apparent reliance on that conclusory allegation.

{S166046;}

provisions cited in Plaintiff's First Amended Complaint, Plaintiff nonetheless failed to plead facts which if true, would establish a viable state law cause of action (because the additional statutory provisions provide no substantive rights or remedies under Oklahoma law). In other words, Plaintiff's Complaint and amendments thereto allege no facts or legal authority to support recovery under Oklahoma state law. Again, however, the Rule 12(b)(6) argument was neither the sole nor primary focus of the Reply, but merely demonstrated an additional reason—beyond the inherent incompatibility with the FLSA collective action claim—for the Court to dismiss the substantive state law claim.

7. On February 20, 2009, the Court entered its Order denying GEO's Motion to Dismiss and as moot. (Doc. No. 60). The February 20, 2009 Order also dismissed as moot Plaintiff's Motion for Leave to File Supplemental Brief, Defendant's Motion to Strike, and Plaintiff's Amended Motion for Leave to File Supplemental Brief—filings all addressing Plaintiff's failure to confer with Defendant before filing the Motion to Amend as required by the local court rules.

8. Regardless of whether the amendments to Count II of the Complaint (the Rule 23 state law claim) successfully render that cause of action a viable claim (which they do not), the Amended Complaint did not cure or otherwise moot the primary argument raised in Defendant's Motion to Dismiss—namely, that the Rule 23 state law class action claim (an opt-out claim) cannot and should not be litigated simultaneously in an FLSA collective action (an opt-in claim). While it might appear superficially—based solely on the fact that Plaintiff filed a First Amended Complaint along with his Response to Motion to Dismiss—that Plaintiff somehow "cured" defects raised in the Motion to

Dismiss, that conclusion is simply untrue. The inherent incompatibility preventing concurrent litigation of a Rule 23 "opt-out" class action and an FLSA "opt-in" collective action in the same lawsuit remains. In fact, the First Amended Complaint *perpetuates* this incompatibility by further expanding the defined sub-classes of putative collective action members.

9. Furthermore, Defendant's Motion to Dismiss did not seek a dismissal of Plaintiff's Original Complaint. (Doc. No. 20, pp. 1, 21.) Instead it sought a dismissal of a particular cause of action—the Rule 23 state law class claim—based on reasons that existed as of the filing of the original Complaint and which continued to exist after Plaintiff's First Amended Complaint was filed. The amendments contained in the First Amended Complaint, at best, did nothing to address the inherent incompatibility between Counts I and Count II and, at worst, served to underscore the basis for the Motion to Dismiss by potentially expanding the number of putative collective action and class action members if this "hybrid" Rule 23 class action and FLSA collection action is allowed to proceed. This incompatibility issue was not "mooted" by the First Amended Complaint; it was brought into clear focus. Likewise, the intervening filing of an Amended Complaint could not procedurally "moot" the Motion to Dismiss, as the Motion to Dismiss was directed to a specific cause of action (that survived the amendments) rather than an entire pleading. *See* 6 Wright & Miller <u>Federal Practice and Procedure</u>, § 1476 ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court

{S166046;}

simply may consider the motion as being addressed to the amended pleading. To hold otherwise would exalt form over substance.").

10.  Ultimately, it is not entirely clear if the Court deemed the Motion to Dismiss moot based on the belief that the First Amended Complained somehow cured all of the issues raised in the Motion to Dismiss (which it did not) or, alternatively, if the Court deemed the Motion to Dismiss moot based on the belief that the Motion Dismiss was directed to a pleading—as opposed to a singular cause of action--that was superseded by an amended pleading (which it was not).  Either way, as explained above, the Court should reconsider its February 20, 2009 Order based on the foregoing.

**WHEREFORE**, for all of the foregoing reasons, The GEO Group, Inc. respectfully requests that the Court reconsider the portion of its February 20, 2009 order denying GEO's Motion to Dismiss and/or Strike Plaintiff's Rule 23 State Law Class Allegations, and enter an order dismissing Count II of the First Amended Complaint, with prejudice.  Alternatively, to the extent that the Court may have considered the mere filing of the First Amended Complaint to procedurally moot GEO's Motion to Dismiss, GEO respectfully requests that the Court clarify its order to reflect the basis for its denial.

{S166046;}

Dated: February 24, 2009                    Respectfully submitted,

                                                s/ Kevin M. Duddlesten
Rob F. Robertson, OBA No. 12455
Leslie Lynch, OBA No. 15124
GABLEGOTWALS
One Leadership Square, Suite 1500
211 North Robinson
Oklahoma City, OK 73102-7101
405.235.5500 (Telephone)
405.235.2875 (Facsimile)
rrobertson@gablelaw.com
llynch@gablelaw.com

AND

Steven L. Rahhal
Texas State Bar No. 16473990
Kevin M. Duddlesten
Texas State Bar No. 00793644
Friedman, Robert F.
Texas State Bar No. 24007207
Frederick J. Barrow
Texas State Bar No. 24036189

LITTLER MENDELSON
A Professional Corporation
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100
214.880.0181 (Fax)

**ATTORNEYS FOR DEFENDANT
THE GEO GROUP, INC.**

{S166046;}

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2009, I electronically transmitted the attached document to the clerk of this Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| William B. Federman, OBA No. 2853<br>Jennifer F. Sherrill, OBA No. 19703<br>Allison B. Waters, OBA No. 21885<br>Jennifer S. Montagna<br>FEDERMAN & SHERWOOD<br>10205 N. Pennsylvania<br>Oklahoma City, OK 73120<br>405.235.1560 (Phone)<br>405.239.2112 (Facsimile)<br>wbf@federmanlaw.com<br>jfs@federmanlaw.com<br>abw@federmanlaw.com<br>jsm@federmanlaw.com | **VIA CERTIFIED MAIL,**<br>**RETURN RECEIPT REQUESTED:**<br><br>Daniel M. Delluomo, OBA No. 11810<br>DELLUOMO & CROW<br>2601 N.W. Expressway, Suite 100W<br>Oklahoma City, OK 73112<br>405.843.0400 (Phone)<br>405.843.5005 (Facsimile)<br>dmdelluomo@aol.com |

                                                s/ Kevin M. Duddlesten
                                                Kevin M. Duddlesten

Firmwide:88649139.1 059218.1016

{S166046;}