IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEITH LEWIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-08-881-M |
| ) | |
| THE GEO GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff's Motion for Conditional Certification on Behalf of Instructors Under the Fair Labor Standards Act and Brief in Support [docket no. 115]; Plaintiff's Motion for Conditional Certification on Behalf of Lieutenants Under the Fair Labor Standards Act and Brief in Support [docket no. 116]; and Plaintiff's Motion for Conditional Certification on Behalf of Case Managers Under the Fair Labor Standards Act and Brief in Support [docket no. 117], all filed on July 17, 2009. On August 25, 2009, defendant filed its combined response, and on September 11, 2009, plaintiffs filed their reply brief. The Court held a hearing concerning the instant matter on October 26, 2009. As this matter is ripe for adjudication, the Court makes its determination.

This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid wages allegedly owed to plaintiffs and similarly situated current and former employees. Plaintiffs work or previously worked in various capacities at defendant's correctional facilities and claim to regularly work in excess of forty (40) hours per week without payment of overtime compensation. Plaintiffs now move for conditional class certification as to the following three proposed classes of employees and former employees who were not paid overtime compensation: (1) correctional facility instructors, (2) lieutenants and (3) case managers.

An action which arises under the FLSA provides for an opt-in collective or class action as follows:

> An action to recover the liability prescribed in either of the preceding sentences [regarding minimum wage and overtime compensation] may be maintained against any employer (including public agency) in any Federal or State court of competent jurisdiction by one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

The widely accepted procedure for conditional class certification under FLSA's opt-in class mechanism employs an undefined "similarly situated" standard, rather than the class action standards of Federal Rule of Civil Procedure 23. *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (observing that section 216(b) of the FLSA "does not define the term 'similarly situated,' and there is little circuit law on the subject."). To determine whether plaintiffs are "similarly situated" for purposes of § 216(b) of the FLSA, the Tenth Circuit endorses the following approach:

> a court determines, on an *ad hoc* basis, whether plaintiffs are "similarly situated." In utilizing this approach, a court typically makes an initial "notice stage" determination of whether plaintiffs are "similarly situated." In doing so, a court "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." At the conclusion of discovery (often prompted by a motion to decertify), the court then makes a second determination, utilizing a stricter standard of "similarly situated." During this "second stage" analysis, a court reviews several factors, including "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether

>   plaintiffs made the filings required by the [FLSA] before instituting suit."

*Id.* (internal citations omitted).

In *Thiessen*, notably, the Tenth Circuit discussed with approval the *ad hoc* approach described in *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995), *overruled on other grounds, Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).  According to *Mooney*, the notice-stage "determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* at 1214.  The second stage generally occurs after the completion of discovery and consists of a more rigorous analysis of whether a class exists. *Id.* ("At [the second] stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.").

Further, in approving court-authorized notice in collective actions, the Supreme Court has charged district courts with "a managerial responsibility to oversee the joinder of additional parties to assure the task is accomplished in an efficient and proper way." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989).  In so doing, the Supreme Court reasoned that court oversights of the notice process could "ensure that it is timely, accurate, and informative" and "avoid the need to cancel consents obtained in an improper manner." *Id.* at 172.

In this case, plaintiffs have submitted motions for conditional certification as related to three proposed classes of employees: (1) correctional facility instructors, (2) lieutenants and (3) case managers.  The Court now reviews each of these proposed classes in turn.

Plaintiffs seek to conditionally certify a collective action under § 216(b) of the FLSA consisting of all instructors classified as salary exempt, who were employed by defendant at its correctional facilities from August 22, 2005 to the present.  To substantiate the alleged wage

practices of defendant, plaintiffs submit evidence that: (1) all instructors employed by defendant are classified as salary exempt and, therefore, not entitled to receive any overtime, with the limited exceptions of life skills and substance abuse instructors at California facilities; (2) all academic and vocational instructors share the same essential primary job duty, which is to teach; (3) defendant's corporate office generates a generic job description for instructors, which its facilities rely upon; and (4) defendant's corporate office decides the exemption status of employees.

Plaintiffs also seek to conditionally certify a collective action under § 216(b) of the FLSA consisting of all lieutenants classified as salary exempt, who were employed by defendant at its correctional facilities from August 22, 2005 to the present. To substantiate the alleged wage practices of defendant, plaintiffs submit evidence that: (1) all lieutenants employed by defendant, with few exceptions, are classified as salary exempt and, therefore, not entitled to receive any compensation for overtime worked; (2) all lieutenants are full-time employees who are scheduled to work at least forty hours per week, as well as significant amounts of overtime; (3) all lieutenants share the same essential primary job duties, which is to maintain safety and security in their areas and direct the work of other security personnel; (4) lieutenants do not have the authority to make hiring decisions; (5) defendant was not required to follow lieutenants' recommendations nor were their recommendations given significant weight; (6) defendant's corporate office generates a generic job description for lieutenants, which its facilities rely upon; and (7) defendant's corporate office decides the exemption status of employees.

Third, plaintiff seeks to conditionally certify a collective action under § 216(b) of the FLSA consisting of all case managers classified as salary exempt, who were employed by defendant at its correctional facilities from August 22, 2005 to the present. To substantiate the alleged wage

practices of defendant, plaintiffs submit evidence that: (1) all case managers employed by defendant are classified as hourly non-exempt and, therefore, are entitled to receive compensation for overtime worked; (2) all case managers are full-time employees who are scheduled to work at least forty hours per week, as well as significant amounts of overtime; (3) all case managers share the same essential primary job duties, which are to manage case files and assist inmates with legal issues; (4) defendant follows one generic job description for all case managers, on which its facilities rely and which they may modify if appropriate; (5) defendant programs Kronos (a system which maintains all time records for case managers) such that case managers are never compensated for time worked pre shift, although case managers frequently perform integral and indispensible pre shift tasks; (6) defendant routinely fails to approve post shift overtime, although it is aware that case managers frequently need to work after their stated shift in order to conclude integral and indispensible work-related tasks.

Defendant's combined response is to criticize plaintiffs for presenting bare affidavits and to opine that the collective treatment of wage and hour claims is inappropriate where (a) liability and damages can only be proven by individualized testimony concerning the circumstances of each plaintiff and (b) certification will result in serious case management problems. Further, defendant contends that plaintiffs' motions should be reviewed under the more rigorous second stage standard for certification because the parties have engaged in approximately ten (10) months of discovery allowing for a greater evidentiary basis for such review. Defendant also argues that plaintiffs fail to satisfy the criteria for the second stage standard concerning conditional certification.[1] The Court,

---

[1] The Court would note that defendant devotes a substantial portion of its response to addressing the merits of case issues under the guise of determining whether plaintiffs were similarly situated. Because Tenth Circuit case law prescribes that a determination of whether

however, declines to conduct a heightened standard of review at this stage of litigation.

After careful consideration, the Court finds that plaintiffs have sufficiently shown putative classes of correctional facility instructors, lieutenants and case managers were subjected to defendant's alleged wage practices of uncompensated work in excess of forty (40) hours per week. In the Court's view, plaintiffs have demonstrated each of the three respective putative classes have related duties and perform like tasks, and that defendant's individual correctional facilities rely upon the corporate generic job description for these positions. Furthermore, the Court finds sufficient evidence that correctional facility instructors, lieutenants and case managers are paid the same way. Correctional facility instructors and lieutenants are generally classified as salary exempt, while case managers are classified as hourly non-exempt. It also appears there are substantial allegations that each of the putative classes had the same hours of work and were bound by the same work requirements. For these reasons, the Court finds at this initial notice stage, plaintiffs have presented substantial allegations of putative class members, correctional facility instructors, lieutenants and case managers, respectively, who were together victims of a single decision, policy or plan.

As related to defendant's assertion that substantial discovery has taken place to allow for second stage determination, a review of the bifurcated scheduling order entered in this case demonstrates that the parties contemplated there would be a conditional class certification phase of trial at this time where discovery would be limited to certification issues. The Court, therefore will conditionally certify a collective action under 29 U.S.C. § 216(b) for the purpose of giving notice and sending opt-in consent forms.

---

plaintiffs are similarly situated should be made before entertaining arguments on the merits, the Court will not review these arguments.

As the case is conditionally certified, plaintiffs must identify other putative class members who wish to join a collective action. Plaintiffs request court approval of their proposed notice and consent form for distribution to the members of each putative class. Further, plaintiffs request an order prohibiting defendant from retaliating against or attempting to coerce individuals who receive the notice from not opting into the case. According to defendant, the proposed notice omits any mention of risks, costs or liabilities, fails to disclose facts sufficient to allow the consenting party to make an informed judgment, and omits mentioning that plaintiffs may have to bear defendant's costs and legal fees. Further, defendant contends the proposed notice fails to provide a detailed statement of the legal effect of filing a consent form, *e.g.*, depositions, responses to written discovery and court testimony may be required, and fails to include proper time restrictions on the eligibility of plaintiffs. In their reply, plaintiffs propose using a notice similar to the one used against defendant in a Northern District of Florida case, *Mayes v. The GEO Group*, with the exception of the twenty (20) day time period to return the consent forms.

Because the notice from the Florida case appears to be sufficient, this Court adopts the use of a similar notice in this case. The Court, therefore, directs the parties to revise the notice in Exhibit 5 of the reply with information relevant to this case. The Court finds that the period in the notice for putative class members to return opt-in consent forms should be, and hereby is, a period of forty five (45) days. Finally, the Court directs that defendant provide to plaintiffs the relevant contact information for the putative members of the three respective putative classes, and that this data be provided in a searchable, electronic form to facilitate the mailing of notice within ten (10) days of the instant order.

IT IS THEREFORE ORDERED that the instant motions are GRANTED as follows:

1. The Court CONDITIONALLY CERTIFIES collective actions, respectively, as to correctional facility instructors, lieutenants and case managers;

2. The Court APPROVES the notice attached as Exhibit 5 of the reply and consent form attached as Exhibit 9 of plaintiff's motion on behalf of correctional facility instructors [docket no. 115];

3. The Court DIRECTS that the opt-in period to participate in the action last for forty five (45) days from the date of this Order; and

4. The Court ORDERS that defendant produce within ten (10) days in a searchable, electronic form, the relevant contact information for the putative class members of the three respective putative classes.

**IT IS SO ORDERED this 9th day of November, 2009**.

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE