## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

KEITH LEWIS, JAMES EARL BROWN )
and AMBER MORENO-MONROE,      )
individually, and on behalf of others )
similarly situated,            )
                               )
     Plaintiffs,       )
                               )
v.                             )   Case No. CIV-08-881-M
                               )
THE GEO GROUP, INC., a Florida )
Corporation,                   )
                               )
     Defendant.        )

## EMERGENCY MOTION FOR STAY OF ORDER GRANTING
## PLAINTIFFS' MOTIONS FOR CONDITIONAL CERTIFICATION

COMES now Defendant The GEO Group, Inc. ("GEO") and respectfully requests, with respect to the Court's November 9, 2009 Order that granted plaintiffs' three (3) motions for conditional certification[1] (Doc. No. 143), an emergency stay of the Order: (a) while the Court considers GEO's contemporaneously-filed "Motion to Amend Order Granting Conditional Certification and to Certify Interlocutory Appeal Pursuant to 28

---

[1] Plaintiffs' motions for conditional class certification were:

 (a)  "Plaintiff's [sic] Motion for Conditional Class Certification on Behalf of Instructors Under the Fair Labor Standards Act and Brief in Support," (Doc. No. 115);

 (b)  "Plaintiffs' Motion for Conditional Class Certification on Behalf of Lieutenants Under the Fair Labor Standards Act and Brief in Support," (Doc. No. 116) and,

 (c)  "Plaintiffs' Motion for Conditional Class Certification on Behalf of Case Managers Under the Fair Labor Standards Act and Brief in Support," (Doc. No. 117).

These motions are collectively referred to herein as "Plaintiffs' Motions for Conditional Class Certification."

{S174597;}

U.S.C. § 1292(b)" (hereinafter "Motion to Amend;" (Doc. Nos. 146-47); and (b) if GEO's contemporaneously-filed Motion to Amend is granted, while GEO's appeal is pending before the Tenth Circuit Court of Appeals.  In support of its motion for a stay, GEO states as follows:

1.      Plaintiffs' Motions for Conditional Class Certification (Doc. Nos. 115, 116 and 117) were filed on July 17, 2009.

2.      On August 25, 2009, GEO filed a single brief, setting forth its opposition to Plaintiffs' Motions for Conditional Class Certification.  (Doc. No. 127.)

3.      On September 11, 2009, Plaintiffs filed a reply brief.  (Doc. No. 133.)

4.      GEO moved for oral argument on Plaintiffs' Motions for Conditional Class Certification GEO's motion.  The Court granted GEO's motion for oral argument and oral argument was held on October 26, 2009.

5.      On November 9, 2009, the Court entered an Order granting Plaintiffs' Motions for Conditional Class Certification and directing notice be given to a class of current and former employees of GEO who held the positions of "correctional facility instructors, lieutenants and case managers." (Doc. No. 143, p. 6.)  Without the requested stay, the deadline for GEO to produce "the relevant contact information" for its current and former "correctional facility instructors, lieutenants and case managers" is Tuesday, November 24, 2009.[2]  (*Id*., p. 8.)

---

[2] The Order granted GEO "ten (10) days" within which to produce the electronic contact information regarding its current and former "correctional facility instructors, lieutenants and case managers." (*Id*., p. 8.)  Excluding weekends and intervening legal holidays, as permitted by Fed.R.Civ.P. 6(a), results in a deadline of Tuesday, November 24, 2009.

2

6.     GEO has prepared and has contemporaneously filed its Motion to Amend (Doc Nos. 146-47), seeking amendment of the Conditional Certification Order for purposes of obtaining the Court's certification, pursuant to 28 U.S.C.A. §1292(b), that an interlocutory appeal is appropriate.  In the Motion to Amend, GEO has identified five controlling questions of law that should be addressed by the appellate court prior to the time notice is given to GEO's current and former "correctional facility instructors, lieutenants and case managers" so as to avoid giving notice of a putative class action to people who do not have a claim and to avoid having to cancel consents ("opt-ins") that were improperly obtained.

7.     For example, the Order did not exclude from its coverage current or former GEO "correctional facility instructors, [and] lieutenants" who are non-exempt and, by definition, not subject to plaintiffs' misclassification arguments.  (*Id.*)  If GEO complies with the Court's Order, plaintiffs will be sending notice to persons who, based on their exemption status, simply do not have a misclassification claim against GEO.

8.     Similarly, the Order set the class period as August 22, 2005 to the present (*id.*, p. 4) despite the fact that GEO argued and demonstrated through citation to legal authority that the class period cannot be longer than three (3) years[3] prior to the date on which an opt-in plaintiff files his/her consent.  If GEO complies with the Court's Order, plaintiffs will be sending notice to persons who do not have a claim as well as suggesting to GEO's current and former "correctional facility instructors, lieutenants and case

---

[3] In general terms, the recovery period is for the two year period preceding the date a class member files his consent ("opts-in") unless plaintiffs prove willful conduct, in which case the recovery period could be extended to three years.

managers" that the potential period of recovery is more than four (4) years, rather than two or three years.

9.      Counsel for GEO has consulted with plaintiffs' counsel regarding several matters relating to the Court's Order.   During that conversation, plaintiffs' counsel asserted that several issues in the Court's Order would need to be "clarified" before notice was given to GEO's current and former "correctional facility instructors, lieutenants and case managers."  Plaintiffs' counsel further suggested she would be filing a motion for clarification with the Court regarding those issues.

10.      However, despite the fact that plaintiffs' counsel will be seeking "clarification" of certain issues in the Court's Order, plaintiffs' counsel objects to GEO's request that the Order be stayed.

## ARGUMENTS AND AUTHORITIES

The United States Supreme Court has found several factors should be considered in determining whether a stay should be granted.  Those factors are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987).

*See also*, *Securities Investor Protection Corp. v. Blinder, Robinson & Co., Inc.*, 962 F.2d 960, 968 (10th Cir. 1992); *Roda Drilling Co. v. Siegal*, 2008 WL 3560976, *1 (N.D.Okla.); *Sisters of Mercy Health System v. Kula*, 2006 WL 2090090, *2 (W.D. Okla.) (Friot, J.).  The combined weight of those four factors proves the stay requested by

4

GEO should be granted and the case stayed pending the outcome of GEO's interlocutory appeal.

1.    *GEO's Strong Position on the Merits of the Appeal.*

The first factor is directed to the strength of GEO's position.  As described above, GEO has identified two issues with the Court's certification Order that are clearly erroneous.  First, it was error for the Court to include in the putative class, via the overly broad class definition, groups of current and former GEO employees who do not have a claim against GEO under the FLSA.  Second, it was error for the Court to define the class period – over GEO's objection – in a manner that operates to extend the statute of limitations by well over a year.  In addition to these errors, GEO has stated strong positions with respect to the other issues raised in its contemporaneously filed "Motion to Amend Order Granting Conditional Certification and to Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)."  Given the likelihood that these errors will be corrected on appeal, GEO requests the Court find this issue weighs in favor of a stay.

2.    *Irreparable Injury if the Stay is Denied.*

As plaintiffs have been informed, GEO has begun the process of collecting "the relevant contact information" for its current and former "correctional facility instructors, lieutenants and case managers" as ordered by the Court.  (Doc. No. 143, p. 8.)  However, if this case is not stayed pending resolution of GEO's motion to amend (and if successful, GEO's interlocutory appeal), GEO will have spent an inordinate amount of time and money gathering and analyzing the data which, due to the errors in the Order, contains contact information for people:  (1) whose claims are time-barred; and (2) who do not

{S174597;}

have a claim against GEO due to their exemption status.  GEO will be irreparably harmed if plaintiffs take the gathered information and, thereafter, provide notice to those same people, including current GEO employees:  (1) whose claims are time-barred; and (2) who do not have a claim against GEO due to their exemption status.  There is no effective procedure to assure, after notice has been erroneously given, that the notice is withdrawn and GEO is compensated for the time and expense spent collecting information that should have never been collected.  Moreover, if a stay is not granted, the case will progress through the notice and decertification process and, as previously demonstrated, result in the further case management issues, including without limitation the need to cancel improperly obtained consents.  Accordingly, the second factor weighs in favor of a stay.

       3.     *The Lack of Substantial Harm to Other Parties as a Result of the Stay.*

Plaintiffs can identify no substantial harm that they will suffer if this Court's November 9, 2009, Order is stayed while the Court considers GEO's contemporaneously filed "Motion to Amend Order Granting Conditional Certification and to Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)."  Rather, there is no basis to believe that the Court could not issue an order on GEO's "Motion to Amend Order Granting Conditional Certification and to Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)" as quickly as it did following the parties' oral arguments – a period of

two weeks.[4]   Moreover, given the fact that plaintiffs have represented to GEO's counsel that they will be seeking clarification of certain matters in the Order, it makes sense to stay the Order until GEO's motion is ruled upon and the Order is clarified.

If the Court grants GEO's "Motion to Amend Order Granting Conditional Certification and to Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)," the Court will have concluded that GEO identified one or more controlling questions of law, the resolution of which will materially advance the ultimate termination of the litigation. *See* 28 U.S.C. §1292(b).   If the Court makes those findings, plaintiffs will be unable to prove substantial harm will result from the stay.   Accordingly, the second factor weighs in favor of a stay.

4.      *Public Interests Which Favor a Stay.*

The final factor also weighs in favor of a stay as the public interests are only served by giving notice of the conditional certification to current and former GEO employees who may have a claim against GEO.   To go forward with notice to all of GEO's "correctional facility instructors, lieutenants and case managers," without first correcting the errors in the Order, will force the Court to oversee a notice process that is untimely, inaccurate and uninformative and which results in consents ("opt-ins") that must be cancelled because they were improperly obtained.   *See Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989).   Accordingly, the Court should find the fourth factor weighs in favor of a stay of the November 9, 2009 Order.

---

[4] Any such period of time is bound to be shorter than the ten-month period between the time plaintiff Lewis filed his Complaint (Doc. No. 1) and plaintiffs' filed their three motions for conditional certification (Doc. Nos. 115, 116 and 117).

{S174597;}

Relief Requested:   Based on the foregoing, Defendant The GEO Group, Inc. respectfully requests the Court stay the Order that granted plaintiffs' Motions for Conditional Certification (Doc. No. 143):

(a)    during the period the Court has GEO's "Motion to Amend Order Granting Conditional Certification and to Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)" (Doc. Nos. 146-47) under consideration; and

(b)    if the Court grants GEO's "Motion to Amend Order Granting Conditional Certification and to Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)," until the Tenth Circuit Court of Appeals has issued ruling on the merits of GEO's interlocutory appeal.

Respectfully submitted,

s/ *Leslie L. Lynch*
Rob F. Robertson, OBA No. 12455
Leslie L. Lynch, OBA No. 15124
GABLEGOTWALS
One Leadership Square, Fifteenth Floor
211 North Robinson
Oklahoma City, OK  73102
Telephone:  (405) 235-5500
Telecopy:    (405) 235-2875
Email:      rrobertson@gablelaw.com
              llynch@gablelaw.com

--and--

8

Case 5:08-cv-00881-M   Document 148   Filed 11/18/09   Page 9 of 10

Kevin M. Duddlesten
Texas State Bar No. 00793644
(Admitted Pro Hac Vice)
Friedman, Robert F.
Texas State Bar No. 24007207
(Admitted Pro Hac Vice)
Frederick J. Barrow
Texas State Bar No. 24036189
(Admitted Pro Hac Vice)
LITTLER MENDELSON
A Professional Corporation
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201-2931
Telephone:  (214)880-8100
Fax:  (214)880-0181
E-mail:      srahhal@littler.com
                kduddlesten@littler.com
                rfriedman@littler.com
                fbarrow@littler.com

--and--

Meg Blackwood
(Admitted Pro Hac Vice)
LITTLER MENDELSON
A Professional Corporation
3344 Peachtree Road, N.E., Suite 1500
Atlanta, GA 30326-4803
Telephone:  (404) 760-3967
Fax:  (404)529-4456
E-mail:      mblackwood@littler.com

*Attorneys for Defendant The GEO Group, Inc.*

9

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2009, a true and correct copy of the foregoing document was sent to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

William B. Federman
Jennifer F. Sherrill
Jennifer Selling Montagna
Allison B. Waters
Nicholas G. Farha
FEDERMAN & SHERWOOD
10205 N. Pennsylvania
Oklahoma City, OK 73120
wbf@federmanlaw.com
jfs@federmanlaw.com
jsm@federmanlaw.com
abw@federmanlaw.com
ngf@federmanlaw.com

*Attorneys for Plaintiffs*

In addition, on November 18, 2009, I hereby placed a copy of the above and foregoing in the U.S. mail, postage prepaid, to the following non-ECF registered attorney:

Daniel M. Delluomo
5617 N Classen Blvd.
Oklahoma City, OK 73118-4015

*Attorney for Plaintiffs*

s/ *Leslie L. Lynch*
Leslie L. Lynch

{S174597;}