IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEITH LEWIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-08-881-M |
| ) | |
| THE GEO GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is defendant's Emergency Motion for Stay of Order Granting Plaintiffs' Motions for Conditional Certification [docket no. 148], filed November 18, 2009. On November 23, 2009, plaintiffs filed their response. Based upon the parties' submissions, the Court makes its determination.

On November 9, 2009, the Court entered an Order granting plaintiffs' motions for conditional class certification and directing that notice be given to a class of defendant's current and former employees who held the positions of correctional facility instructors, lieutenants and case managers. The deadline for defendant to produce the relevant contact information for the proposed classes is Tuesday, November 24, 2009. Defendant now moves for an emergency stay of the Order while the Court considers defendant's contemporaneously-filed "Motion to Amend Order Granting Conditional Certification and to Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)" and if defendant's contemporaneously-filed motion to amend is granted, while defendant's appeal is pending before the Tenth Circuit Court of Appeals.

The United States Supreme Court has articulated factors regulating the issuance of a stay of an order pending appeal. Those factors are:

(1) whether the stay applicant has made a strong showing that he is

> likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

In this case, defendant asserts that an emergency stay is warranted because its motion to amend sets forth five controlling questions of law that should be addressed by the appellate court prior to the time notice is given to its current and former correctional facility instructors, lieutenants and case managers. Two of these controlling questions of law are set forth in the instant motion as follows: first, whether it is error to include in the putative class via an overly broad class definition, groups of its current and former employees who do not have a claim under the Fair Labor Standards Act; and second, whether it is error to define the class period in a manner that operates to extend the statute of limitations by well over a year. As such, defendant contends: (1) it has a strong position on the merits of the appeal; (2) irreparable injury would result from the inordinate amount of time and money it would spend gathering and analyzing data; (3) a lack of substantial harm to other parties would result from stay; and (4) public interest favors a stay.

In response, plaintiffs assert if the Court will toll the limitations as to all future opt-in plaintiffs during the pendency of the stay, plaintiffs will stipulate to defendant's requested stay. Furthermore, plaintiffs contend that the two questions identified by defendant are minor issues that can be clarified in its contemporaneously-filed motion to clarify and modify conditional certification order.

Having reviewed the parties' submissions, the Court finds that a stay is warranted in the instant case pending resolution of defendant's motion to amend.[1] As plaintiffs stipulate to

---

[1] At the appropriate time, the Court will review whether the stay shall continue should defendant filed an interlocutory appeal.

defendant's requested stay, the Court finds that the consent file date for future opt-in plaintiffs is hereby tolled during the pendency of the stay and the limitations period shall relate back to the number of days in which the stay lasts.

IT IS THEREFORE ORDERED that the instant motion is GRANTED and the case is STAYED for the purpose of issuing notice to the putative class until the Court resolves defendant's motion to amend.

**IT IS SO ORDERED this 23rd day of November, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE