IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

KEITH LEWIS, JAMES EARL BROWN )
and AMBER MORENO-MONROE, )
Individually, and on behalf of others )
similarly situated, )
                                     )
       Plaintiffs, )
                                     )
v. )    Case No. CIV-08-881-M
                                     )
THE GEO GROUP, INC., a Florida )
Corporation, )
                                     )
       Defendant. )

## ORDER

Before the Court is Defendant's Motion to Amend Order Granting Conditional Certification and to Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) [docket no. 146] and Brief in Support, both filed on November 18, 2009. On December 7, 2009, plaintiffs filed their response, and on December 11, 2009, defendant filed its reply. Furthermore, on January 4, 2010, plaintiffs filed their surreply. Based upon the parties' submissions, the Court makes its determination.

I.    BACKGROUND

This case involves a proposed class action against defendant for unpaid overtime compensation and damages. Plaintiffs allege that they are current or former correctional facility instructors, lieutenants or case managers and seek certification of a nationwide collective action pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, on behalf of themselves and all similarly situated employees of defendant.

Following a hearing on October 26, 2009, the Court granted plaintiffs' motion for conditional certification, thereby approving "notice stage" certification of their collection action under the FLSA. The Court issued an Order on November 9, 2009, making its rulings on the October 26, 2009

hearing and approving the Notice and Consent Form.

Defendant now submits the instant motion to amend the conditional certification order to allow an interlocutory appeal. In the motion, defendant seeks certification of an interlocutory appeal of this Court's November 9, 2009 Order pursuant to 28 U.S.C. § 1292(b). Specifically, defendant seeks certification of questions involving the Court's decisions to allow "notice stage" certification of plaintiff's FLSA collective action.

II.     STANDARD OF REVIEW

Title 28 U.S.C. § 1292(b) provides jurisdiction of appeals for interlocutory decisions "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...." 28 U.S.C. §1292(b). "To certify an interlocutory appeal under § 1292(b), the district court must make an order, and must state three things in the order: that it is 'of the opinion' that the order (1) 'involves a controlling question of law,' (2) 'as to which there is substantial ground for difference of opinion,' and (3) 'that an immediate appeal may materially advance the ultimate termination of the litigation.'" 16 Fed. Prac. & Proc. § 3930 (2d ed. 2009).

Some courts deem a question of law "controlling" "if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montogomery Assoc., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). "[I]f resolution of the question being challenged on appeal will terminate the action in the district court, it is clearly controlling." 19-203 George C. Pratt, Moore's Fed. Prac. - Civ. § 203.31[2] (2009). A steadily growing number

of decisions have accepted that a question of law is controlling "if interlocutory reversal might save time for the district court, and time and expense for the litigants." 16 Fed. Prac. & Proc. § 3930 (2d ed. 2009).

A question of law refers to a "pure" question of law, rather than merely to an issue that might be free from factual contest. 19-203 George C. Pratt, Moore's Fed. Prac. - Civ. § 203.31[2] (2009). District courts should authorize interlocutory appeals for questions of law which are "abstract legal issues that can be decided quickly and cleanly without having to study the record." *Id*. As related to the second requirement, "[i]f the law is clear and there is no question that the district court's order is correct as a matter of law, there is no purpose in appealing the ruling." *Id*. "That standard implies that the question is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions." *In re Grand Jury Proceeding June 1991*, 767 F. Supp. 222, 226 (D. Colo. 1991). The critical and final requirement "is that resolution of the question will advance the ultimate resolution of the litigation." 19-203 George C. Pratt, Moore's Fed. Prac. - Civ. § 203.31[2] (2009).

Furthermore, the Tenth Circuit mandates that interlocutory appeals "should be limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action." *State of Utah By and Through State Dept. of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994).

III. DISCUSSION

Defendant proffers the following controlling questions of law[1] for interlocutory appeal:

(1) whether, in a case where a variety of claims under FLSA are alleged on behalf of multiple, distinct groups of employees, conditional certification is appropriate;

(2) the appropriate evidentiary standard to be applied to the motions for conditional certification that were filed in this case;

(3) whether the class period is erroneous given that the Court's order purports to extend the period by more than a year;

(4) whether it is error for the Court to define the class so as to include persons who indisputably do not have a claim against defendant; and

(5) whether the fact-intensive claims by the case managers can be resolved in a collective action.

Here, the Court finds that defendant has failed to demonstrate that the issues it seeks to have this Court certify involve controlling questions of law upon which there is a substantial ground for a difference of opinion, or that immediate appeal from the order may materially advance the ultimate termination of the litigation.

Defendant asserts as its first controlling question of law that it is legally inappropriate to certify in one collective action a variety of FLSA-related claims, each requiring separate legal analysis, and involving three different classes of employees. Defendant contends the Court's determination is unprecedented in the Tenth Circuit, and that interlocutory reversal would save the Court time and both time and expense for the parties. Without specifying the nature of the purported

---

[1] While defendant offers its contentions as controlling questions of law, the Court finds that defendant's arguments conflate with the two other requirements of section 1292(b), *e.g.*, "substantial ground for difference of opinion" and "materially advance the ultimate termination of the litigation." To the extent these arguments overlap, the Court will review this matter analyzing the appropriate requirement(s) of section 1292(b), rather than merely the "controlling question of law" requirement.

4

consequences, defendant also maintains that a broadly defined class for purposes of pursuing both misclassification and "off the clock" claims will have implications beyond this case.

Having reviewed the parties' submissions, the Court finds that the first controlling question is not a "pure" question of law, that is, an "abstract legal [issue] that can be decided quickly and cleanly without having to study the record." Pratt, *supra*, at 3. At best, this matter is a mixed question of fact and law, and may entirely represent questions of fact. The Court further finds unclear how separating this collective action (with three proposed subclasses) into three separate actions (with each consisting of a single proposed class) would save the court time and the parties both time and expense. Undoubtedly, three separate proceedings for each respective (sub)class would be inefficient as a matter of judicial economy.

Defendant also contends that the Court's determination of this matter is unprecedented in this Circuit, in effect, arguing there is substantial ground for difference of opinion. The Court finds plaintiffs have cited ample, albeit persuasive, precedence to indicate that FLSA collective actions may include separate groups. *See* Response, at 10-11. In this regard, the Court's determination is hardly novel or one where there is little precedent, but in contrast, substantially guided by previous decisions. Furthermore, "just because authorities are not unanimous on a question of law does not mean a court must find that substantial grounds for difference of opinion exist." *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, No. 08-C-488, slip op. at *3 (E.D. Wis. Mar. 20, 2009).

The Court finds defendant's remaining assertion as related to its first controlling question of law - that the Court improperly defined a broad class of individuals pursuing both misclassification and "off the clock" claims - is conclusory in nature.

Accordingly, the Court finds that defendant has not presented sufficient bases for

interlocutory appeal as related to its first controlling question of law.

Defendant's second question of law involves the evidentiary standard that should have been applied to the November 9, 2009 Order conditionally certifying the class. Defendant asserts that a heightened standard should have been applied at this stage because ten (10) months of discovery had taken place and plaintiffs have not and cannot identify what additional discovery needs to take place.

The Court, however, finds incredulous that defendant would now contend that sufficient discovery has taken place and that no more discovery is necessary. First, a review of the Court file in this case reveals that the parties specifically contemplated and agreed in its Joint Motion to Enter Bifurcated Scheduling Order there would be a conditional certification phase of trial, followed by merits-based discovery. *See* Motion [docket no. 107] and Order [docket no. 108]. Second, the Court finds that plaintiffs have identified numerous categories of evidence for which additional discovery is needed including: (1) reasons for defendant's classifications of lieutenants; (2) job codes used by defendant as related to certain job titles; (3) the effect of defendant's rounding and restrict to schedule procedures; and (4) policies and procedures affecting case managers and their schedules. The Court finds there is clearly a significant amount of discovery yet to take place in this case.

Accordingly, the Court finds that defendant has not presented sufficient bases for interlocutory appeal as related to its second controlling question of law.

The third controlling question of law, as argued in defendant's motion, relates to the temporal scope of the conditionally certified class. Defendant contends that it is error for the Court to order that notice be given to each of the three groups of employees, if the employee is or was employed by defendant at any time since August 22, 2005. In the interest of judicial economy so that the notice can go out expeditiously, plaintiffs have agreed to limit the notice only to those

6

employed three years to the date of the Court's November 9, 2009 Order conditionally certifying the class.

As plaintiffs agree, and defendant does not dispute[2], that a three year limit applies to the instant claims, the Court hereby limits the scope of the notice to those employed by defendant from November 9, 2006 to the present.

Accordingly, the Court finds moot defendant's third controlling question of law.

Defendant's fourth controlling question of law involves the scope of the class definition ordered by the Court. Specifically, defendant contends the applicable class of correctional facility instructors, lieutenants and case managers is over-inclusive. In a contemporaneously-entered Order which serves to clarify and/or modify the Court's November 9, 2009 Order, the Court limits the scope of class definition to salary exempt correctional facility instructors and lieutenants.

Accordingly, the Court finds moot defendant's fourth controlling question of law.

Defendant's fifth controlling question of law relates to the inclusion of case managers in the putative class on whose behalf an "off-the-clock" claim is alleged. Specifically, defendant maintains it is inherently inappropriate for the case managers' claims to proceed in a collective manner where the evidence is highly individualized. Having reviewed the parties' submissions, the Court finds this proposed question of law is not an "abstract legal issue" appropriate for interlocutory appeal. Rather, this issue involves a fact-intensive query which cannot "be decided quickly and cleanly without having to study the record." Pratt, *supra,* at 3.

Accordingly, the Court finds that defendant has not presented sufficient bases for

---

[2] Specifically, defendant does not dispute that the class period should be temporally limited to either two or three years prior to the notice date.

interlocutory appeal as related to its fifth controlling question of law.

In summation, the Court finds no basis for defendant's contention that there is substantial ground for difference of opinion with respect to the propriety of applying the two-step approach in determining whether plaintiffs are similarly situated at this stage of litigation. In addition, it is not clear that these questions involve a controlling issue of law, nor is it clear that resolution of this issue will materially advance the ultimate termination of the litigation. Specifically, this instant motion has mooted issues, and the Court finds the parties would not be relieved of any significant burden by reversal given the prospect of three separate trials for each putative class. At the conclusion of the bifurcated discovery, and upon appropriate motion, the Court will make a second determination of whether plaintiffs are similarly situated under a stricter standard, which includes analysis of the "disparate factual and employment settings of the individual plaintiffs." *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001).

Finally, to the extent that plaintiffs request attorney fees and costs, the Court denies this request as plaintiffs offered no statutory or legal authority for doing so.

IV. CONCLUSION

For reasons set forth above, the Court:

(1) DENIES the motion to amend the conditional certification order to allow an interlocutory appeal;

(2) LIMITS the scope of the notice to those employed by defendant from November 9, 2006 to the present;

(3) CLARIFIES the scope of class definition to salary exempt correctional facility instructors and lieutenants; and

(4) LIFTS the STAY for the purpose of providing notice to the putative class.

**IT IS SO ORDERED this 15th day of January, 2010.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE